COPY

1    **McCARTHY & HOLTHUS, LLP**
     David C. Scott, Esq. (SBN: 225893)
2    1770 Fourth Avenue
     San Diego, CA 92101
3    Telephone:  (619) 685-4800
     Facsimile:  (619) 685-4811
4    Email:    dscott@McCarthyHolthus.com

5    Attorneys for Plaintiff,
     Federal Home Loan Mortgage Corporation
6

7

8                   **UNITED STATES DISTRICT COURT**

9                   **CENTRAL DISTRICT OF CALIFORNIA**

10   FEDERAL HOME LOAN              Case No. 2:13-CV-04218-GW-SH
     MORTGAGE CORPORATION,
11                      Plaintiff,  **VERIFIED FIRST AMENDED**
                                    **COMPLAINT FOR:**
12   v.
                                    1. **DECLARATORY RELIEF;**
13   ESCALA 102 NPO, an unknown entity;   2. **FRAUDULENT VESTING;**
     URBAN STREET PROPERTIES, INC.,       3. **CANCELLATION OF**
14   a California corporation;               **INSTRUMENT;**
     ANG Gabriel LLC, a California limited  4. **CANCELLATION OF**
15   liability company;                      **INSTRUMENT;**
     DANIEL DAVIS, an individual;         5. **CANCELLATION OF**
16   POLLY HOSKINS, an individual;           **INSTRUMENT;**
     FAIRWAY INDEPENDENT                  6. **CANCELLATION OF**
17   MORTGAGE CORPORATION D/B/A              **INSTRUMENT**
     PARADIGM MORTGAGE GROUP, a           7. **CANCELLATION OF**
18   California corporation;                 **INSTRUMENT; AND**
     ALL PERSONS UNKNOWN                  8. **QUIET TITLE**
19   CLAIMING ANY LEGAL OR
     EQUITABLE RIGHT, TITLE,
20   ESTATE, LIEN OR INTEREST IN
     THE PROPERTY DESCRIBED IN
21   THE COMPLAINT ADVERSE TO
     PLAINTIFF'S TITLE, OR ANY
22   CLOUD ON PLAINTIFF'S TITLE
     THERETO;
23   and DOES 1 through 50, inclusive,
                         Defendants.
24

25        Plaintiff Federal Home Loan Mortgage Corporation ("Freddie Mac") brings

26   this civil action against Defendants Escala 102 NPO ("Escala"); Urban Street

27   Properties, Inc., a California corporation; ("Urban Street"); ANG Gabriel, LLC, a

28   California limited liability company ("ANG"); Daniel Davis ("Davis"); Polly

McCARTHY & HOLTHUS, LLP
ATTORNEYS AT LAW
1770 FOURTH AVENUE
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 685-4800 FACSIMILE (619) 685-4810

FILED
CLERK, U.S. DISTRICT COURT
SEP - 5 2013
CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

- 1 -

CA13-1133

McCARTHY & HOLTHUS, LLP
ATTORNEYS AT LAW
1770 FOURTH AVENUE
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 685-4800 FACSIMILE (619) 685-4810

1  Hoskins ("Hoskins"); Fairway Independent Mortgage Corporation d/b/a Paradigm

2  Mortgage Group, a California Corporation ("Fairway"); All Persons Unknown

3  Claiming Any Legal or Equitable Right, Title, Estate, Lien or Interest in the

4  Property described in the Complaint adverse to Plaintiff's title, or any cloud on

5  Plaintiff's Title thereto ("Unknown Defendants"); and DOES 1 through 50 inclusive

6  (collectively as "Defendants"), for Declaratory Relief, Fraudulent Vesting,

7  Cancellation of Instruments and Quiet Title.

8  ## INTRODUCTION

9       1.    This action is an action within the jurisdictional limits of this Court and

10  this venue is appropriate because the real property in controversy is within this

11  Court's jurisdiction.

12      2.    The real property on which Plaintiff seeks relief is commonly known

13  as 3341 Sterling Dr., Corona, California, 92882 ("Subject Property"), and is a

14  single-family residence.  The legal description for the Subject Property is:

15      LOT 38 OF TRACT 22070, IN THE CITY OF CORONA, COUNTY
    OF RIVERSIDE, STATE OF CALIFORNIA, AS SHOWN BY MAP
16  ON FILE IN BOOK 183 PAGES 13 TO 16 OF MAPS, RECORDS
    OF     RIVERSIDE     COUNTY,     CALIFORNIA;     EXCEPT
17  THEREFROM ALL OIL, GAS, MINERALS AND OTHER
    HYDROCARBONS SUBSTANCES LYING BELOW A DEPTH OF
18  500 FEET WITHOUT ANY RIGHT TO ENTER UPON THE
    SURFACE OR SUBSURFACE OF SAID LAND ABOVE A DEPTH
19  OF 500 FEET, AS PROVIDED IN INSTRUMENTS OF RECORD.

20  Full Parcel/APN: 102-561-012-0

21      3.    Freddie Mac is duly formed and authorized pursuant to the laws of the

22  United States of America to provide lending services within the State of California.

23      4.    On June 29, 2012, Freddie Mac became the owner of the Subject

24  Property at a nonjudicial foreclosure sale.  A true and correct copy of the Trustee's

25  Deed Upon Sale is attached hereto as Exhibit "1" and is incorporated herein by

26  reference.

27      5.    Defendant Escala is an unknown entity doing business in Riverside

28  County, California that on August 5, 2012 purportedly received an interest in the

CA13-1133

Subject Property through a Grant Deed from Freddie Mac to it. A true and correct copy of the Grant Deed from Freddie Mac to Escala is attached hereto as Exhibit "2" and is incorporated herein by this reference.

6. Defendant Urban Street is a California corporation entity doing business in Riverside County, California that claims to have acquired an interest in the Subject Property through a Grant Deed from Escala. A true and correct copy of the Grant Deed from Escala to Urban Street is attached hereto as Exhibit "3" and is incorporated herein by this reference.

7. Defendant Urban Street acquired a loan from ANG secured by a Deed of Trust encumbering the Subject Property.

8. ANG is a California limited liability company doing business in Riverside County, California that currently holds a secured interest in the Subject Property under a Deed of Trust ("ANG Deed of Trust"). A true and correct copy of the ANG Deed of Trust is attached hereto as Exhibit "4" and is incorporated herein by this reference.

9. Defendant Davis is an individual that claims to be the owner of the Subject Property through a Grant Deed from Urban Street. A true and correct copy of the Grant Deed from Urban Properties to Davis is attached hereto as Exhibit "5" and is incorporated herein by this reference.

10. Defendant Hoskins is an individual that claims to be the owner of the Subject Property through a Grant Deed from Urban Street. A true and correct copy of the Grant Deed from Urban Properties to Hoskins is attached hereto as Exhibit "5" and is incorporated herein by this reference ("Grant Deed to Davis and Hoskins").

11. Defendants Davis and Hoskins acquired a loan from Fairway secured by a Deed of Trust encumbering the Subject Property.

12. Fairway is a California corporation doing business in Riverside County, California that currently holds a secured interest in the Subject Property

McCARTHY & HOLTHUS, LLP
ATTORNEYS AT LAW
1770 FOURTH AVENUE
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 685-4800 FACSIMILE (619) 685-4810

VERIFIED FIRST AMENDED COMPLAINT

CA13-1133

under a Deed of Trust ("Fairway Deed of Trust").  A true and correct copy of the Fairway Deed of Trust is attached hereto as Exhibit "6" and is incorporated herein by this reference

13.   Unknown Defendants claim an interest in the Subject Property adverse to Freddie Mac.

14.   Freddie Mac does not know the true names, capacities, or bases of liability of Defendants sued as Does 1 through 50 inclusive.  Each fictitiously named defendant is in some way liable to Freddie Mac or claims some right, title, or interest in the Subject Property that is subsequent to and subject to the interest of Freddie Mac or both.  DOES are sued herein pursuant to California Code of Civil Procedure § 474.  Freddie Mac will amend this Complaint to reflect the true names of said Defendants when the same have been ascertained.

15.   Freddie Mac is informed and believes and on that basis alleges that at all relevant times, certain of the Defendants, including DOE Defendants, and each of them, were acting as the agents, servants, employees, alter egos, successors or predecessors in interest, or contractors of other of the Defendants, and were acting within the course and scope of such relationship, with the knowledge, express or implied, of each such other named defendant.

## FACTUAL BACKGROUND

16.   Freddie Mac re-alleges the allegations of Paragraphs 1-15 above.

17.   Sandra Young's signature to the Grant Deed (Exhibit "2") is fraudulent.  Young did not execute a vesting deed to Escala.

18.   Further, former Defendant S.L. Arrietta declared that her notarization to Sandra Young's signature was also forged.  A true and correct copy of S.L. Arrietta's Declaration in Support of Notary Identity Theft is attached hereto as Exhibit "7" and is incorporated herein by this reference.

19.   Moreover, Escala never entered into any negotiations with Freddie Mac to purchase the Subject Property.

**VERIFIED FIRST AMENDED COMPLAINT**

McCARTHY & HOLTHUS, LLP
ATTORNEYS AT LAW
1770 FOURTH AVENUE
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 685-4800 FACSIMILE (619) 685-4810

CA13-1133

20.     Freddie Mac is now, and at all times relevant to this action the lawful owner of the Subject Property.

21.     The Grant Deed to Escala is void and should be declared void *ab initio* and should be set aside *nunc pro tunc*.

22.     Because the vesting from Freddie Mac to Escala should be set aside, the Grant Deed from Escala to Urban Street (Exhibit ""3") is void *ab initio* and should be set aside *nunc pro tunc*.

23.     Further, because Urban Street never acquired an interest in the Subject Property, the ANG Deed of Trust (Exhibit "4"), Grant Deed to Davis and Hoskins (Exhibit "5") and Fairway Deed of Trust are void *ab initio* and should be set aside *nunc pro tunc*.

24.     Finally, Freddie Mac requests this Court to confirm that it is the true owner of the Subject Property without any encumbrances since Freddie Mac's recorded acquisition of the Subject Property on July 11, 2012 ("Exhibit "1").

## FIRST CAUSE OF ACTION

### (Declaratory Relief Against all Defendants)

25.     Freddie Mac re-alleges the allegations of Paragraphs 1-24 above.

26.     Freddie Mac asserts that it is the owner of the Subject Property, and the Grant Deed from it to Escala is void.  <u>See</u> Exhibit "2".

27.     The Grant Deed from Escala to Urban Street is void because Escala never held a rightful interest in the Subject Property.  <u>See</u> Exhibit "3".

28.     Likewise, the ANG Deed of Trust is void because Urban Street never held valid title against the Subject Property.  <u>See</u> Exhibit "4".

29.     Because Urban Street never held a valid interest in the Subject Property, the Davis and Hoskins Grant Deed is void.  <u>See</u> Exhibit "5".

30.     As Davis and Hoskins Grant Deed is void, the Fairway Deed of Trust is void.  <u>See</u> Exhibit "6".

/ / / /

McCARTHY & HOLTHUS, LLP
ATTORNEYS AT LAW
1770 FOURTH AVENUE
San Diego, California 92101
TELEPHONE (619) 685-4800 FACSIMILE (619) 685-4810

- 5 -

CA13-1133

31.     Freddie Mac is informed, believes, and thereon alleges that Defendants will dispute these contentions and contend that Freddie Mac is not the true owner and title holder to the Subject Property.

32.     Freddie Mac is informed, believes, and on that basis alleges that an actual controversy has arisen, and now exists between Freddie Mac and Defendants, and each of them, concerning their respective rights in the Subject Property.

33.     Freddie Mac desires a judicial determination of its rights and duties, and a declaration as to its interest in the Subject Property.

34.     A judicial declaration is necessary and appropriate at this time under the circumstances in order that Freddie Mac can confirm its ownership rights and so Defendants, and each of them, can confirm their respective rights, title and interest in the Subject Property, the ANG and Fairway Deeds of Trust.

## SECOND CAUSE OF ACTION

### (Fraud Against Escala and DOES 1-5)

35.     Freddie Mac re-alleges the allegations of Paragraphs 1-34 above.

36.     On August 5, 2012, Escala and DOES 1-5 obtained title to the Subject Property through a Grant Deed executed by Sandra Young.  See Exhibit "2".

37.     Sandra Young as Freddie Mac's attorney in fact did not sign the Grant Deed to Escala.  Sandra Young's signature on the Grant Deed is a forgery.

38.     Indeed, former Defendant S.L. Arrietta declared that her notarization to Sandra Young's signature was also forged.  See Exhibit "7".

39.     Escala and DOES 1-5 knew or should have known that Freddie Mac did not vest the Subject Property to it.

40.     Escala and DOES 1-5 knew the Grant Deed was not supported by any consideration.

41.     Based upon Escala and DOES 1-5's conduct in fabricating the Grant Deed, Freddie Mac has been damaged in amount to be proven at trial.

42.     Escala and DOES 1-5's fabrication of the Grant Deed from Freddie

McCARTHY & HOLTHUS, LLP
ATTORNEYS AT LAW
1770 FOURTH AVENUE
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 685-4800 FACSIMILE (619) 685-4810

**VERIFIED FIRST AMENDED COMPLAINT**

CA13-1133

Mac to it is outrageous.   Further, Escala and DOES 1-5 acted with malice in unlawfully acquiring the Subject Property.   Accordingly, Freddie Mac is entitled to exemplary and punitive damages in a sum according to proof and to such other relief set forth below.

## THIRD CAUSE OF ACTION

### (Cancellation of Instrument Against Escala and DOES 1-5)

43.   Freddie Mac re-alleges the allegations of Paragraphs 1-42 above.

44.   Sandra Young's signature on the Grant Deed identified as Exhibit "2" is a forgery having no force or effect.

45.   Further, the notary to Sandra Young's signature declared under penalty perjury that she did not notarize Sandra Young's signature.  See Exhibit "7".

46.   Freddie Mac asserts that the Grant Deed from it to Escala and DOES 1-5 is void because Freddie Mac did not transfer the Subject Property to Escala.

47.   Freddie Mac also asserts that Escala and DOES 1-5 did not pay Freddie Mac any consideration to transfer it the Subject Property.

48.   The Grant Deed identified as Exhibit "2", although apparently valid on its face, is void having no force or affect whatsoever.

49.   As the Grant Deed identified as Exhibit "2" was fraudulently executed and recorded, the Grant Deed should deemed void, and Freddie Mac's interest in the Subject Property reinstated as the true owner of the Subject Property under the Trustee's Deed Upon Sale identified as Exhibit "1".

## FOURTH CAUSE OF ACTION

### (Cancellation of Instrument Against Urban Street)

50.   Freddie Mac re-alleges the allegations of Paragraphs 1-49 above.

51.   Because Escala did not have any interest in the Subject Property, its Grant Deed identified as Exhibit "3" to Urban Street is void.

52.   Freddie Mac is informed and believes that Urban Street did not pay Escala any consideration to transfer it the Subject Property.

McCARTHY & HOLTHUS, LLP
ATTORNEYS AT LAW
1770 FOURTH AVENUE
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 685-4800 FACSIMILE (619) 685-4810

VERIFIED FIRST AMENDED COMPLAINT

CA13-1133

53.   The Grant Deed identified as Exhibit "3", although apparently valid on its face, is void having no force or effect.

54.   As Escala never had a valid title, the Grant Deed from it to Urban Street should deemed void, and Freddie Mac's interest in the Subject Property reinstated as the true owner of the Subject Property under the Trustee's Deed Upon Sale identified as Exhibit "1".

## FIFTH CAUSE OF ACTION

### (Cancellation of Instrument Against ANG)

55.   Freddie Mac re-alleges the allegations of Paragraphs 1-54 above.

56.   Because Escala did not have any interest in the Subject Property, the ANG Deed of Trust identified as Exhibit "4" is void.

57.   The ANG Deed of Trust identified as Exhibit "4", although apparently valid on its face, is void having no force or effect.

58.   As Urban Street never had a valid title, the ANG Deed of Trust should deemed void, and Freddie Mac's interest in the Subject Property reinstated as the true owner of the Subject Property under the Trustee's Deed Upon Sale identified as Exhibit "1".

## SIXTH CAUSE OF ACTION

### (Cancellation of Instrument Against Davis and Hoskins)

59.   Freddie Mac re-alleges the allegations of Paragraphs 1-58 above.

60.   Because Urban Street did not have any interest in the Subject Property, the Grant Deed from it to Davis and Hoskins identified as Exhibit "5" is void.

61.   The Davis and Hoskins Grant Deed identified as Exhibit "5", although apparently valid on its face, is void having no force or effect.

62.   As Davis and Hoskins never had a valid title, the Davis and Hoskins Grant Deed should deemed void, and Freddie Mac's interest in the Subject Property reinstated as the true owner of the Subject Property under the Trustee's Deed Upon Sale identified as Exhibit "1".

McCARTHY & HOLTHUS, LLP
ATTORNEYS AT LAW
1770 FOURTH AVENUE
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 685-4800 FACSIMILE (619) 685-4810

VERIFIED FIRST AMENDED COMPLAINT

CA13-1133

## SEVEN CAUSE OF ACTION

### (Cancellation of Instrument Against Fairway)

63.     Freddie Mac re-alleges the allegations of Paragraphs 1-62 above.

64.     Because Davis and Hoskins did not have any interest in the Subject Property, the Fairway Deed of Trust identified as Exhibit "6" is void.

65.     The Fairway Deed of Trust identified as Exhibit "6", although apparently valid on its face, is void having no force or effect.

66.     As Davis and Hoskins never had a valid title, the Fairway Deed of Trust should deemed void, and Freddie Mac's interest in the Subject Property reinstated as the true owner of the Subject Property under the Trustee's Deed Upon Sale identified as Exhibit "1".

## EIGHTH CAUSE OF ACTION

### (Quiet Title)

67.     Freddie Mac re-alleges the allegations of Paragraphs 1-66 above.

68.     Freddie Mac seeks to quiet title to the Subject Property as of July 11, 2012 against the claims of Escala; Urban Street; ANG; Davis; Hoskins; Fairway; Unknown Defendants; and DOE Defendants who are believed to claim the Grant Deed from Freddie Mac to Escala is valid.

69.     Freddie Mac is informed and believes and thereon alleges that Escala; Urban Street; ANG; Davis; Hoskins; Fairway; Unknown Defendants; and DOE Defendants do not have any interest in the Subject Property whatsoever, and Freddie Mac remains the fee simple owner of the Subject Property since July 11, 2012.

70.     Freddie Mac alleges that Escala; Urban Street; ANG; Davis; Hoskins; Fairway; Unknown Defendants; and DOE Defendants have no right, title or interest in the property which is superior to Freddie Mac.

71.     Therefore, Freddie Mac seeks a judicial determination of the priority of its right, title, and interest in the Subject Property due to the Freddie Mac's

McCARTHY & HOLTHUS, LLP
ATTORNEYS AT LAW
1770 FOURTH AVENUE
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 685-4800 FACSIMILE (619) 685-4810

VERIFIED FIRST AMENDED COMPLAINT

CA13-1133

1     Trustee's Deed Upon Sale in conjunction with this Complaint.

2         72.    Freddie Mac is further informed and believes and thereon alleges that

3 Escala; Urban Street; ANG; Davis; Hoskins; Fairway; Unknown Defendants; and

4 DOE Defendants claim that their liens or interests are senior to that asserted by

5 Freddie Mac constitute a cloud on the interest of the Freddie Mac's Trustee's Deed

6 Upon Sale.

7         73.    By this Complaint, Freddie Mac seeks to quiet the title to the Subject

8 Property and confirm Freddie Mac's Trustee's Deed Upon Sale against the claims

9 of all other Defendants, and each of them, as of July 11, 2012 and include a finding

10 that Freddie Mac's fee simple interest the Subject Property is senior to that of any

11 and all other person(s), including, without limitation, all of the other Defendants.

12         WHEREFORE, Freddie Mac prays for judgment as follows:

13         1.    For an Order declaring the validity and priority of the Freddie Mac's

14 Trustee's Deed Upon Sale and that Escala; Urban Street; ANG; Davis; Hoskins;

15 Fairway; Unknown Defendants; and DOE Defendants have no right or interest in

16 the Subject Property.

17         2.    For an Order declaring the Grant Deed from Freddie Mac to Escala

18 recorded in the Riverside County Recorder's Office on August 8, 2012 as

19 Document Number 2012-0376609 be cancelled *nunc pro tunc* and declared to be

20 null and void *ab inito*.

21         3.    For an Order declaring the Grant Deed from Escala to Urban Street

22 recorded in the Riverside County Recorder's Office on September 14, 2012 as

23 Document Number 2012-0439085 be cancelled *nunc pro tunc* and declared to be

24 null and void *ab inito*;

25         4.    For an Order declaring the ANG Deed of Trust recorded in the

26 Riverside County Recorder's Office on September 18, 2012 as Document Number

27 2012-0443448 be cancelled *nunc pro tunc* and declared to be null and void *ab inito*;

28         5.    For an Order declaring the Grant Deed from Urban Street to Davis and

McCARTHY & HOLTHUS, LLP
ATTORNEYS AT LAW
1770 FOURTH AVENUE
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 685-4800 FACSIMILE (619) 685-4810

**VERIFIED FIRST AMENDED COMPLAINT**

CA13-1133

1  Hoskins recorded in the Riverside County Recorder's Office on February 5, 2013 as

2  Document Number 2013-0063222 be cancelled *nunc pro tunc* and declared to be

3  null and void *ab inito*;

4      6.     For an Order declaring the Fairway Deed of Trust recorded in the

5  Riverside County Recorder's Office on February 5, 2013 as Document Number

6  2013-0063223 be cancelled *nunc pro tunc* and declared to be null and void *ab inito*;

7      7.     For a judgment quieting title in Freddie Mac's favor as of July 11,

8  2012 for the property described in paragraph 2 above and that Defendants and each

9  of them have no right, title, estate, lien or interest in the Subject Property.

10     8.     For costs of suit herein incurred;

11     9.     For reasonable attorney's fees;

12     10.    For punitive damages;

13     11.    For any other further relief as the court may deem proper.

14  Dated:  September 3, 2013                  Respectfully submitted,
                                            McCARTHY & HOLTHUS, LLP
15

16

17                                          By: _____
                                            David C. Scott, Esq.
18                                          Attorneys for Plaintiff,
                                            Federal Home Loan Mortgage
                                            Corporation
19

20

21

22

23

24

25

26

27

28

McCARTHY & HOLTHUS, LLP
ATTORNEYS AT LAW
1770 FOURTH AVENUE
SAN DIEGO, CALIFORNIA  92101
TELEPHONE (619) 685-4800 FACSIMILE (619) 685-4810

- 11 -

CA13-1133

## VERIFICATION

I, _Mary Baker_, am employed by Federal Home Loan Mortgage Corporation, and I hold the title of _Assistant Treasurer._ In my capacity as an employee of Federal Home Loan Mortgage Corporation, I am authorized to sign this verification on Federal Home Loan Mortgage Corporation's behalf.

I have read the Verified First Amended Complaint and I know its contents. The matters alleged herein are true of my own knowledge, except as to those matters alleged on information and belief, and as to those matters, I believe them to be true.

I declare under the penalty of perjury under the law that the foregoing is true and correct. This declaration executed on _27th of August, 2013_ (date) at _Carrollton_ (city), _Texas_ (state).

By: _Mary Baker_
_Mary Baker_ (print name)
_Assistant Treasurer_ (print title)
for Plaintiff,
Federal Home Loan Mortgage
Corporation

McCARTHY & HOLTHUS, LLP
ATTORNEYS AT LAW
1770 FOURTH AVENUE
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 685-4800 FACSIMILE (619) 685-4810

VERIFICATION TO COMPLAINT FOR DECLARATORY RELIEF

CA13-1133

EXHIBIT "1"

DOC # 2012-0322702
07/11/2012 11:28 AM Fees: $21.00
Page 1 of 3
Recorded in Official Records
County of Riverside
Larry W. Ward
Assessor, County Clerk & Recorder

Recording requested by:

When recorded mail to:

Ocwen Loan Servicing, LLC
1575 Palm Beach Lakes
West Palm Beach, FL 33401

Forward tax statements to the address given above

**This document was electronically submitted
to the County of Riverside for recording**
Receipted by: QHENSON

TS No.: CA-10-391530-LL
Order No.:[            ]
APN No.: 102-561-012-0

Space above this line for recorders use

# Trustee's Deed Upon Sale

Transfer Tax:

The undersigned grantor declares:
The grantee herein IS the foreclosing beneficiary.
The amount of the unpaid debt together with costs was:    $479,585.93
The amount paid by the grantee at the trustee sale was:    $355,000.00
The documentary transfer tax is:    None
Said property is in the City of: **Corona**, County of **RIVERSIDE**

**QUALITY LOAN SERVICE CORPORATION** , as Trustee, (whereas so designated in the Deed of Trust hereunder more particularly described or as duly appointed Trustee) does hereby **GRANT** and **CONVEY** to

**Federal Home Loan Mortgage Corporation**

(herein called Grantee) but without covenant or warranty, expressed or implied, all right title and interest conveyed to and now held by it as Trustee under the Deed of Trust in and to the property situated in the county of RIVERSIDE, State of California, described as follows:

**LOT 38 OF TRACT 22070, IN THE CITY OF CORONA, COUNTY OF RIVERSIDE, STATE OF CALIFORNIA, AS SHOWN BY MAP ON FILE IN BOOK 183 PAGES 13 TO 16 OF MAPS, RECORDS OF RIVERSIDE COUNTY, CALIFORNIA; EXCEPT THEREFROM ALL OIL, GAS, MINERALS AND OTHER HYDROCARBONS SUBSTANCES LYING BELOW A DEPTH OF 500 FEET WITHOUT ANY RIGHT TO ENTER UPON THE SURFACE OR SUBSURFACE OF SAID LAND ABOVE A DEPTH OF 500 FEET, AS PROVIDED IN INSTRUMENTS OF RECORD.**

This conveyance is made in compliance with the terms and provisions of the Deed of Trust executed by LAURA ZAVALA , AN UNMARRIED WOMAN, as trustor, dated 10/12/2007, and recorded on 10/26/2007 as instrument number 2007-0659623 of Official Records in the office of the Recorder of RIVERSIDE, California, under the authority and powers vested in the Trustee designated in the Deed of Trust or as the duly appointed trustee, default having occurred under the Deed of Trust pursuant to the Notice of Breach and Election to Sell under the Deed of Trust recorded on 8/17/2011, instrument no 11-0360695, Book , Page , of Official records. Trustee having complied with all applicable statutory requirements of the State of California and performed all duties required by the Deed of Trust including sending a Notice of Default and Election to Sell within ten/thirty days after its recording and a Notice of

DOC # 2012-0322702
Page 2 of 3 07/11/2012 11:28 AM

Sale at least twenty days prior to the Sale Date by certified mail, postage pre-paid to each person entitled to notice in compliance with California Civil Code 2924b

Default occurred as set forth in a Notice of Breach and Election to Sell which was recorded in the office of the Recorder of said County.

All requirements of law regarding the mailing of copies of notices or the publication of a copy of the Notice of Breach and Election to Sell or the personal delivery of the copy of the Notice of Breach and Election to Sell and the posting and publication of copies of the Notice of Sale have been complied with.

Said property was sold by said Trustee at public auction on 6/29/2012 at the place named in the Notice of Sale, in the County of RIVERSIDE, California, in which the property is situated.  Grantee, being the highest bidder at such sale, became the purchaser of said property and paid therefore to said trustee the amount being $355,000.00 in lawful money of the United States, or by the satisfaction, pro tanto, of the obligations then secured by said Deed of Trust.

Date:

JUL 06 2012

QUALITY LOAN SERVICE CORPORATION

By: Amanda Baladez, Assistant Secretary

State of: **California**)
County of: **San Diego**)

On ___7.6.12___ before me, Michele A. Kittinger, a notary public, personally appeared **Amanda Baladez**, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under *PENALTY OF PERJURY* under the laws of the State of **California** that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature_____ (Seal)

MICHELE A. KITTINGER
Commission # 1850324
Notary Public - California
San Diego County
My Comm. Expires May 22, 2013

THIS OFFICE IS ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

DOC # 2012-0322702
.Page 3 of 3  07/11/2012 11:28 AM

TS No.: CA-10-391530-LL

# CERTIFICATE OF ACCEPTANCE

Pursuant to the provisions of Government Code Section 27281, this is to certify that the interest in real property conveyed by the Trustees Deed Upon Sale, from <u>Quality Loan Service Corporation,</u> to <u>Federal Home Loan Mortgage Corporation,</u> a government instrumentality, is hereby accepted by order of Federal Home Loan Mortgage Corporation on <u>7/3/2012</u> and the grantee consents to the recordation thereof by its duly authorized agent.

Date:                                          Federal Home Loan Mortgage Corporation

    JUL 0 6 2012                      By:    McCarthy and Holthus, LLP, Attorney in fact
                                                      for    Federal   Home   Loan   Mortgage
                                                      Corporation


                                              By:    Tim   Bargenquast,   Authorized   Agent   for
                                                      McCarthy and Holthus, LLP

EXHIBIT "2"

DOC # 2012-0376609
08/08/2012 03:05P Fee:15.00
Page 1 of 1 Doc T Tax Paid
Recorded in Official Records
County of Riverside
Larry W. Ward
Assessor, County Clerk & Recorder



**LSI TITLE COMPANY INC**
Recording Requested By:
LSI Title Company, Inc.

When recorded mail document to:
NAME ESCALA-102 NPO

ADDRESS 3341 STERLING DR

CITY CORONA
STATE & ZIP CALIFORNIA, CA 92882-8662

| S | R | U | PAGE | SIZE | DA | MISC | LONG | RFD | COPY |
|---|---|---|------|------|----|----|------|-----|------|
| 1 | | | 1 | | | | | | 4 |
| M | A | L | 465 | 426 | PCOR | NCOR | SMF | NCHG | EXAM |
| | | | | | T: 4 | | CTY | UNI | 513 |

19

APN NO. 102.561.012

TITLE ORDER NO. 214636 JA    **GRANT DEED**    ESCROW NO. 0523431

THE UNDERSIGNED GRANTOR(S) DECLARE(S)
    DOCUMENTARY TRANSFER TAX is $ _____ 220.00
                CITY TAX  $ _____

☒ computed on full value of property conveyed, or
☐ computed on full value of items or encumbrances remaining at time of sale,
☐ Unincorporated area ☒ City of _____ CORONA _____, and
FOR A FULL VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,
FEDERAL HOME LOAN MORTGAGE CORPORATION,

hereby GRANT(s) to ESCALA-102 NPO

the following described real property in the City of _____ CORONA _____ County
of _____ RIVERSIDE _____, State of California:

LOT: 38 TRACT NO: 22070 Abbreviated Description: LOT: 38
CITY: CORONA TR# 22070 LOT 38 MB 183/013 TR 22070
City/Muni/Twp. CORONA

Federal Home Loan Mortgage Corporation by LPS
Default Title and closing, a Division of LSI Title
Agency Inc., as Attorney in Fact

BY
SANDRA YOUNG

Dated: AUGUST 05, 2012

STATE OF CALIFORNIA
COUNTY OF _____ RIVERSIDE _____ } SS.

On AUGUST 07, 2012 before me, S.L. ARRIETTA a Notary Public, personally
appeared SANDRA YOUNG who proved to me on the
basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within
instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized
capacity (ies), and that by his/her/their signatures(s) on the instrument the person(s), or the entity
upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing
paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____

(SEAL)
S. L. ARRIETTA
Commission # 1932284
Notary Public - California
Riverside County
My Comm. Expires Apr 30, 2015

MAIL TAX STATEMENTS TO ADDRESS AS SHOWN ABOVE

EXHIBIT "3"

DOC # 2012-0439085
09/14/2012 10:18 AM Fees: $21.00
Page 1 of 3  Doc T Tax Paid
Recorded in Official Records
County of Riverside
Larry W. Ward
Assessor, County Clerk & Recorder

**RECORDING REQUESTED BY:**
Chicago Title Company

**WHEN RECORDED MAIL DOCUMENT AND
TAX STATEMENT TO:**

Urban Street Properties, Inc.
3857 Birch Street, Ste 470
Newport Beach, CA  92660

\*\*This document was electronically submitted
to the County of Riverside for recording\*\*
Receipted by: AGONZALEZ

APN: 102-561-012
TITLE ORDER NO.: 3651
ESCROW NO.: 3651-CP01

T R A   004 - 047

THIS SPACE FOR RECORDER'S USE ONLY

**GRANT DEED**

The undersigned Grantor(s) declare that the **DOCUMENTARY TRANSFER TAX IS:**
$ 269.50 County
XX  computed on the full value of the interest of property conveyed, or
____ computed on the full value less the value of liens or encumbrances remaining thereon at the time of sale.
____ OR transfer is EXEMPT from tax for the following reason

**FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,** Escala 102 NPO

**HEREBY GRANT(S) to** Urban Street Properties, Inc., a California Corporation

All that real property situated in the City of Corona, County of Riverside, State of California, described as:
See legal description attached hereto and made a part hereof as Exhibit A

**Commonly Known As:** 3341 Sterling Drive, Corona, CA 92882

Dated: September 4, 2012

STATE OF CALIFORNIA
COUNTY OF _____ Riverside _____

On _____ September 7, 2012 _____, before me,
_____ Jessica M. Solano ____ a Notary Public
personally appeared _____ David Carren _____

Escala 102 NPO

By: _____
Name: David Carren
Title: Secretary

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____

JESSICA M. SOBERANO
Commission # 1902678
Notary Public - California
Orange County
My Comm. Expires Sep 3, 2014
(SEAL)

MAIL TAX STATEMENTS AS DIRECTED ABOVE



I certify under penalty of perjury that the notary seal on the document to which this statement is attached reads as follows:

Name of Notary : Jessica M. Soberano

Notary Identification Number : 1902670

Vender Identification Number : NNA1

County Where Bond Is Filed : Orange

Date Commission Exp : Sep. 3, 2014

Place of Execution : Riverside

DATE: 9-12-12

SPL, Inc. as agent

**Signature**

I certify under penalty of perjury that the notary seal on the document to which this statement is attached reads as follows:

Name of Notary : _____

Notary Identification Number : _____

Vender Identification Number : _____

County Where Bond Is Filed : _____

Date Commission Exp : _____

Place of Execution : _____

SPL, Inc. as agent

DATE:_____/_____/_____

**Signature**

Revised 9/6/06 R.1
DR 002  2 x Notary Seal Declaration  R1

DOC # 2012-0439085
Page 3 of 3  09/14/2012 10:18 AM

Page   1                              DESCRIPTION
Order No.  128625589

LOT 38 OF TRACT 22070 AS SHOWN BY MAP ON FILE IN BOOK 183 PAGES 13 TO 16 OF
MAPS, RECORDS OF RIVERSIDE COUNTY, CALIFORNIA;

EXCEPTING THEREFROM 1/2 OF THE OIL, GAS AND OTHER HYDROCARBON SUBSTANCES AND
MINERALS 500 FEET BELOW THE SURFACE WITHOUT THE RIGHT OF SURFACE RIGHTS OR RIGHT
OF ENTRY IN THE SURFACE AS RESERVED IN THE DEED RECORDED OCTOBER 3, 1985 AS
INSTRUMENT NOS. 223601 TO 223613 OF OFFICIAL RECORDS OF RIVERSIDE COUNTY,
CALIFORNIA;

ALSO EXCEPTING THEREFROM ALL OIL, OIL RIGHTS, MINERALS, MINERAL RIGHTS, NATURAL
GAS RIGHTS AND OTHER HYDROCARBONS BY WHATSOEVER NAME KNOWN, GEOTHERMAL STEAM AND
ALL PRODUCTS DERIVED FROM ANY OF THE FOREGOING, THAT MAY BE WITHIN OR UNDER THE
PROPERTY, TOGETHER WITH THE PERPETUAL RIGHT OF DRILLING, MINING, EXPLORING AND
OPERATING THEREFOR AND STORING IN AND REMOVING THE SAME FROM THE PROPERTY OR ANY
OTHER LAND, INCLUDING THE RIGHT TO WHIPSTOCK OR DIRECTIONALLY DRILL AND MINE
FROM LANDS OTHER THAN THE PROPERTY, OIL OR GAS WELLS, TUNNELS AND SHAFTS INTO,
THROUGH OR ACROSS THE SUBSURFACE OF THE PROPERTY, AND TO BOTTOM SUCH WHIPSTOCKED
OR DIRECTIONALLY DRILLED WELLS, TUNNELS AND SHAFTS UNDER AND BENEATH OR BEYOND
THE EXTERIOR LIMITS THEREOF, AND TO REDRILL, RETUNNEL, EQUIP, MAINTAIN, REPAIR,
DEEPEN AND OPERATE ANY SUCH WELLS OR MINES WITHOUT, HOWEVER, THE RIGHT TO DRILL,
MINE, STORE, EXPLORE OR OPERATE THROUGH THE SURFACE OR THE UPPER FIVE HUNDRED
(500) FEET OF THE SUBSURFACE OF THE PROPERTY.

EXHIBIT "4"

RECORDED AT THE REQUEST OF
CHICAGO TITLE COMPANY
RECORDING REQUESTED BY:

WHEN RECORDED, MAIL TO:

ANG Gibriel LLC
4M Evening Star LN.
Newport Beach, CA 92660

ASSESSOR'S PARCEL NO.:
102-561-012

DOC # 2012-0443488
09/18/2012 08:00 AM Fees: $48.00
Page 1 of 6
Recorded in Official Records
County of Riverside
Larry W. Ward
Assessor, County Clerk & Recorder

**This document was electronically submitted
to the County of Riverside for recording**
Receipted by: CARAGON

THIS SPACE FOR RECORDER'S USE ONLY

# DEED OF TRUST AND ASSIGNMENT OF RENTS

This **DEED OF TRUST**, made this ___09/13/2012___, between

TRUSTOR: **Urban Street Properties, Inc., a California Corporation,**
whose address is 3857 Birch Street, Ste 470, Newport Beach, CA 92660

TRUSTEE: **Chicago Title Company,** and

BENEFICIARY: **ANG Gabriel LLC.,**

*This document is being recorded as an accommodation only and Chicago Title Company assumes no responsibility for correctness or validity thereof*

Witnesseth: That Trustor IRREVOCABLY GRANTS, TRANSFERS AND ASSIGNS TO TRUSTEE IN TRUST, WITH POWER OF SALE, that property in the County of ___Riverside___, State of California, described as:

Legal Description attached hereto and made a part hereof as Exhibit "A"
AKA: 3341 Sterling Drive, Corona, CA 92882

TOGETHER WITH the rents, issues and profits thereof, SUBJECT, HOWEVER, to the right, power and authority hereinafter given to and conferred upon Beneficiary by Paragraph (10) of the provisions incorporated herein by reference to collect and apply such rents, issues and profits.

**Due On Sale/Acceleration:**
**In the event the property described herein, or any part hereof, or any interest therein, is sold, conveyed, alienated, assigned or otherwise transferred by the Maker, or by the operation of law or otherwise, all obligations secured by this instrument, irrespective of the maturity dates expressed therein, at the option of the Payee thereof, and without demand or notice shall immediately become due and payable, except as prohibited by the California Civil Code, Section 2924.6, other applicable law.**

**FOR THE PURPOSE OF SECURING:**
1. Performance of each agreement of Trustor incorporated by reference or contained herein. 2. Payment of the indebtedness evidenced by one promissory note of even date herewith, and any extension or renewal thereof, in the principal sum of _Two Hundred and Sixty Five Thousand_ **AND 00/100 Dollars ($  265,000.00  )** executed by Trustor in favor of Beneficiary or order. 3. Payment of such further sums as the then record owner of said property hereafter may borrow from Beneficiary, when evidenced by another note (or notes) reciting it is so secured.

In accordance with Section 2924B, Civil Code, request is hereby made that a copy of any Notice of Default and a copy of any Notice of Sale hereunder be mailed to Trustor at Trustor's address herein before set forth, or if none shown, to Trustor at the property address.

**NOTICE:  A COPY OF ANY NOTICE OF DEFAULT AND OF ANY NOTICE OF SALE WILL BE SENT ONLY TO THE ADDRESS CONTAINED IN THE RECORDED REQUEST, IF YOUR ADDRESS CHANGES, A NEW REQUEST MUST BE RECORDED.**

To protect the security of this Deed of Trust, Trustor Agrees: By the execution and delivery of this Deed of Trust and the note secured hereby, that provisions (1) to (14) inclusive, of the fictitious deed of trust recorded in Santa Barbara County and Sonoma County October 18, 1961, and in all counties October 23, 1961, in the book and the page of Official Records in the office of the county recorder of the county where said property is located, noted below opposite the name of such county, vis.:

| COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE |
|--------|------|------|--------|------|------|--------|------|------|--------|------|------|
| Alameda | 435 | 684 | Kings | 792 | 833 | Placer | 895 | 301 | Sierra | 29 | 335 |
| Alpine | 1 | 250 | Lake | 362 | 39 | Plumas | 151 | 5 | Siskiyou | 468 | 181 |
| Amador | 104 | 348 | Lassen | 171 | 471 | Riverside | 3005 | 523 | Solano | 1105 | 182 |
| Butte | 1345 | 1 | Los Angeles | T2055 | 899 | Sacramento | 4331 | 62 | Sonoma | 1851 | 689 |
| Calaveras | 145 | 152 | Madera | 810 | 170 | San Benito | 271 | 383 | Stanislaus | 1715 | 456 |
| Colusa | 296 | 617 | Marin | 1508 | 339 | San Bernardino | 5567 | 61 | Sutter | 572 | 297 |
| Contra Costa | 3978 | 47 | Mariposa | 77 | 292 | San Francisco | A332 | 905 | Tehama | 401 | 289 |
| Del Norte | 78 | 414 | Mendocino | 579 | 530 | San Joaquin | 2470 | 311 | Trinity | 93 | 366 |
| El Dorado | 568 | 456 | Merced | 1547 | 538 | San Luis Obispo | 1151 | 12 | Tulare | 2294 | 275 |
| Fresno | 4626 | 572 | Modoc | 184 | 851 | San Mateo | 4078 | 420 | Tuolumne | 135 | 47 |
| Glenn | 422 | 184 | Mono | 52 | 429 | Santa Barbara | 1878 | 860 | Ventura | 2062 | 386 |
| Humbolt | 657 | 527 | Monterey | 2194 | 538 | Santa Clara | 5336 | 341 | Yolo | 653 | 245 |
| Imperial | 1091 | 501 | Napa | 639 | 86 | Santa Cruz | 1431 | 494 | Yuba | 334 | 486 |
| Inyo | 147 | 598 | Nevada | 305 | 320 | Shasta | 684 | 528 | | | |
| Kern | 3427 | 60 | Orange | 5889 | 611 | San Diego | Series 2, Book 1961, Page 183887 | | | | |

(which provisions, identical in all counties, are printed on the attached page of this form) hereby are adopted and incorporated herein and made part hereof as fully as though set forth herein at length; that he will observe and perform said provisions; and that the references to property, obligations, and parties in said provisions shall be construed to refer to the property, obligations, and parties set forth in this Deed of Trust.

STATE OF CALIFORNIA                                 Urban Street Properties, Inc.
COUNTY OF _____                            A California Corporation

On _____, before me,

_____                     By: _____
        (here insert name and title of the officer)        Robert Compeen< President

personally appeared _____

who proved to me on the basis of satisfactory evidence to be the
person(s) whose name(s) is/are subscribed to the within instrument
and acknowledged to me that he/she/they executed the same in
his/her/their authorized capacity(ies), and that by his/her/their
signature(s) on the instrument the person(s), or the entity upon behalf
of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State
of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____                   (SEAL)

DOC # 2012-0443488
Page 2 of 6  09/18/2012 08:00 AM

DOC # 2012-0443488
Page 3 of 6  09/18/2012 08:00 AM

## ACKNOWLEDGMENT

State of California
County of _____Orange_____ }

On __September 13, 2012__ before me, __Yvonne Flores, Notary Public_____
                                                     (insert name and title of the officer)

personally appeared __Robert Compean_____
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are
subscribed to the within instrument and acknowledged to me that he/she/they executed the same in
his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the
person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing
paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____ (Seal)

YVONNE FLORES
COMM. #1862339
Notary Public - California
Orange County
My Comm. Expires Aug. 22, 2013

Description: Riverside,CA Document-Year.DocID 2012.443488 Page: 3 of 6
Order: 001 Comment:

The following is a copy of provision (1) to (14) inclusive, of the fictitious deed of trust, recorded in each county in California, as stated in the foregoing Deed of Trust and by reference in said Deed of Trust as being a part thereof as if set forth at length therein. To Protect the Security of This Deed of Trust, Trustor Agrees:

(1) To keep said property in good condition and repair; not to remove or demolish any building thereon; to complete or restore promptly and in good and workmanlike manner any building which may be constructed, damaged or destroyed thereon and to pay when due all claims for labor performed and materials furnished therefor; to comply with all laws affecting said property or requiring any alterations or improvements to be made thereon; not to commit or permit waste thereof; not to commit, suffer or permit any act upon said property in violation of law; to cultivate, irrigate, fertilize, fumigate, prune and do all other acts which from the character or use of said property may be reasonably necessary, the specific enumerations herein not excluding the general.

(2) To provide, maintain and deliver to Beneficiary fire insurance satisfactory to and with loss payable to Beneficiary. The amount collected under any fire or other insurance policy may be applied by Beneficiary upon any indebtedness secured hereby and in such order as Beneficiary may determine, or at option of Beneficiary the entire amount so collected or any part thereof may be released to Trustor. Such application or release shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

(3) To appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; and to pay all costs and expenses, including cost of evidence of title and attorney's fees in a reasonable sum, in any such action or proceeding in which Beneficiary or Trustee may appear, and in any suit brought by Beneficiary to foreclose this Deed.

(4) To pay: at least ten days before delinquency all taxes and assessments affecting said property, including assessments on appurtenant water stock; when due, all encumbrances, charges and liens, with interest, on said property or any part thereof, which appear to be prior or superior hereto; all costs, fees and expenses of this Trust.
    Should Trustor fail to make any payment or to do any act as herein provided, then Beneficiary or Trustee, but without obligation so to do and without notice to or demand upon Trustor and without releasing Trustor from any obligation hereof, may make or do the same in such manner and to such extent as either may deem necessary to protect the security hereof, Beneficiary or Trustee being authorized to enter upon said property for such purposes, appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee pay, purchase, contest or compromise any encumbrance, charge or lien which in the judgment of either appears to be prior or superior hereto, and, in exercising any such powers, pay necessary expenses, employ counsel and pay his reasonable fees.

(5) To pay immediately and without demand all sums so expended by Beneficiary or Trustee, with interest from date of expenditure at the amount allowed by law in effect at the date hereof, and to pay for any statement provided for by law at the date hereof regarding the obligation secured hereby any amount demanded by the Beneficiary not to exceed the maximum allowed by law at the time when said statement is demanded.

(6) That any award of damages in connection with any condemnation for public use of or injury to said property or any part thereof is hereby assigned and shall be paid to Beneficiary who may apply or release such moneys received by him in the same manner and with the same effect as above provided for disposition of proceeds of fire or other insurance.

(7) That by accepting payment of any sum secured hereby after its due date, Beneficiary does not waive his right either to require prompt payment when due of all other sums so secured or to declare default for failure so to pay.

(8) That any time or from time to time, without liability therefor and without notice, upon written request of Beneficiary and presentation of this Deed and said note for endorsement, and without affecting the personal liability of any person for payment of the indebtedness secured hereby, Trustee may reconvey only part of said property; consent to the making of any map or plot thereof; join in granting any easement thereon; or join in any extension agreement or any agreement subordinating the lien or charge hereof.

(9) That upon written request of Beneficiary stating that all sums secured hereby have been paid, and upon surrender of this Deed and said note to Trustee for cancellation and retention and upon payment of its fees, Trustee shall reconvey, without warranty, the property then held hereunder. The recitals in such reconveyance of any matters or facts shall be conclusive proof of the truthfulness thereof. The grantee in such reconveyance may be described as "the person or persons legally entitled thereto". Five years after issuance of such full reconveyance, Trustee may destroy said note and this Deed (unless directed in such request to retain them).

(10) That as additional security, Trustor hereby gives to and confers upon Beneficiary the right, power and authority, during the continuance of these Trusts, to collect the rents, issues and profits of said property, reserving unto Trustor the right, prior to any default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, to collect and retain such rents, issues and profits as they become due and payable. Upon any such default, Beneficiary may at any time without notice, either in person, by agent, or by a receiver to be appointed by a court, and without regard to the adequacy of any security for the indebtedness hereby secured, enter upon and take possession of said property or any part thereof, in his own name sue for or otherwise collect such rents, issues and profits, including those past due and unpaid, and apply the same, less costs and expenses of operation and collection, including reasonable attorney's fees, upon any indebtedness secured hereby, and in such order as Beneficiary may determine. The entering upon and taking possession of said property, the collection of such rents, issues and profits and the application thereof as aforesaid, shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

(11) That upon default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, Beneficiary may declare all sums secured hereby immediately due and payable by delivery to Trustee of written declaration of default and demand for sale and of written notice of default and of election to cause to be sold said property, which notice Trustee shall cause to be filed for record. Beneficiary also shall deposit with Trustee this Deed, said note and all documents evidencing expenditures secured hereby.

DOC # 2012-0443488
**(DO NOT RECORD)** Page 5 of 6 09/18/2012 08:00 AM

After the lapse of such time as may then be required by law following the recordation of said notice of default, and notice of sale having been given as then required by law, Trustee, without demand on Trustor, shall sell said property at the time and place fixed by it in said notice of sale, whether as a whole or in separate parcels, and in such order as it may determine, at public auction to the highest bidder for cash in lawful money of the United States, payable at time of sale. Trustee may postpone sale of all or any portion of said property by public announcement at such time and place of sale, and from time-to-time thereafter may postpone such sale by public announcement at the time fixed by the preceding postponement. Trustee shall deliver to such purchaser its deed conveying the property so sold, but without any covenant or warranty, express or implied. The recitals in such deed of any matters or facts shall be conclusive proof of the truthfulness thereof. Any person, including Trustor, Trustee, or Beneficiary as hereinafter defined, may purchase at such sale.

After deducting all costs, fees and expenses of Trustee and of this Trust, including cost of evidence of title in connection with sale, Trustee shall apply the proceeds of sale to payment of: all sums expended under the terms hereof, not then repaid, with accrued interest at the amount allowed by law in effect at the date hereof all other sums then secured hereby; and the remainder, if any, to the person or persons legally entitled thereto.

(12) Beneficiary, or any successor in ownership of any indebtedness secured hereby, may from time-to-time, by instrument in writing, substitute a successor or successors to any Trustee named herein or acting hereunder, which instrument, executed by the Beneficiary and duly acknowledged and recorded in the office of the recorder of the county or counties where said property is situated, shall be conclusive proof of proper substitution of such Trustee or Trustees, who shall, without conveyance from the Trustee predecessor, succeed to all its title, estate, rights, powers and duties. Said instrument must contain the name of the original Trustor, Trustee and Beneficiary hereunder, the book and page where this Deed is recorded and the name and address of the new Trustee.

(13) That this Deed applies to, inures to the benefit of, and binds all parties hereto, their heirs, legatees, devisees, administrator, executors, successors and assigns. The term Beneficiary shall mean the owner and holder, including pledgees, of the note secured hereby, whether or not named as Beneficiary herein. In this Deed, whenever the context so requires, the masculine gender includes the feminine and/or neuter, and the singular number includes the plural.

(14) That Trustee accepts this Trust when this Deed, duly executed and acknowledged, is made public record as provided by law. Trustee is not obligated to notify any party hereto of pending sale under any other Deed of Trust or of any action or proceeding in which Trustor, Beneficiary or Trustee shall be a party unless brought by Trustee.

---

### REQUEST FOR FULL RECONVEYANCE
To be used only when Note has been paid.

Dated:

**To Chicago Title Company:**

The undersigned is the legal owner and holder of all indebtedness secured by the within Deed of Trust. All sums secured by said Deed of Trust have been fully paid and satisfied; and you are hereby requested and directed, on payment to you of any sums owing to you under the terms of said Deed of Trust, to cancel all evidences of indebtedness, secured by said Deed of Trust, delivered to you herewith together with said Deed of Trust, and to reconvey, without warranty, to the parties designated by the terms of said Deed of Trust, the estate now held by you under the same.

MAIL RECONVEYANCE TO:

By

By

**Do not lose or destroy this Deed of Trust OR THE NOTE which it secures.**
**Both must be delivered to the Trustee for cancellation before reconveyance will be made.**

---

**DEED OF TRUST**
Chicago Title Company, AS TRUSTEE

DOC # 2012-0443488
Page 6 of 6  09/18/2012 08:00 AM

Page   1                              DESCRIPTION
Order No.  128625589

LOT 38 OF TRACT 22070 AS SHOWN BY MAP ON FILE IN BOOK 183 PAGES 13 TO 16 OF
MAPS, RECORDS OF RIVERSIDE COUNTY, CALIFORNIA;

EXCEPTING THEREFROM 1/2 OF THE OIL, GAS AND OTHER HYDROCARBON SUBSTANCES AND
MINERALS 500 FEET BELOW THE SURFACE WITHOUT THE RIGHT OF SURFACE RIGHTS OR RIGHT
OF ENTRY IN THE SURFACE AS RESERVED IN THE DEED RECORDED OCTOBER 3, 1985 AS
INSTRUMENT NOS. 223601 TO 223613 OF OFFICIAL RECORDS OF RIVERSIDE COUNTY,
CALIFORNIA;

ALSO EXCEPTING THEREFROM ALL OIL, OIL RIGHTS, MINERALS, MINERAL RIGHTS, NATURAL
GAS RIGHTS AND OTHER HYDROCARBONS BY WHATSOEVER NAME KNOWN, GEOTHERMAL STEAM AND
ALL PRODUCTS DERIVED FROM ANY OF THE FOREGOING, THAT MAY BE WITHIN OR UNDER THE
PROPERTY, TOGETHER WITH THE PERPETUAL RIGHT OF DRILLING, MINING, EXPLORING AND
OPERATING THEREFOR AND STORING IN AND REMOVING THE SAME FROM THE PROPERTY OR ANY
OTHER LAND, INCLUDING THE RIGHT TO WHIPSTOCK OR DIRECTIONALLY DRILL AND MINE
FROM LANDS OTHER THAN THE PROPERTY, OIL OR GAS WELLS, TUNNELS AND SHAFTS INTO,
THROUGH OR ACROSS THE SUBSURFACE OF THE PROPERTY, AND TO BOTTOM SUCH WHIPSTOCKED
OR DIRECTIONALLY DRILLED WELLS, TUNNELS AND SHAFTS UNDER AND BENEATH OR BEYOND
THE EXTERIOR LIMITS THEREOF, AND TO REDRILL, RETUNNEL, EQUIP, MAINTAIN, REPAIR,
DEEPEN AND OPERATE ANY SUCH WELLS OR MINES WITHOUT, HOWEVER, THE RIGHT TO DRILL,
MINE, STORE, EXPLORE OR OPERATE THROUGH THE SURFACE OR THE UPPER FIVE HUNDRED
(500) FEET OF THE SUBSURFACE OF THE PROPERTY.

EXHIBIT "5"

**FIDELITY NATIONAL TITLE**
**MCLPC**

RECORDING REQUESTED BY:
Fidelity National Title Company

WHEN RECORDED MAIL DOCUMENT AND
TAX STATEMENT TO:

Daniel Davis
3341 Sterling Drive
Corona, CA 92882

APN: 102-561-012-0
TITLE ORDER NO.: -00014861-996-JRK
ESCROW NO.: 3757-CP01

TRA 004-047

DOC # 2013-0063222
02/05/2013 04:09 PM Fees: $21.00
Page 1 of 3  Doc T Tax Paid
Recorded in Official Records
County of Riverside
Larry W. Ward
Assessor, County Clerk & Recorder

**This document was electronically submitted
to the County of Riverside for recording**
Receipted by: MGREGSTON

THIS SPACE FOR RECORDER'S USE ONLY

**GRANT DEED**

The undersigned Grantor(s) declare that the **DOCUMENTARY TRANSFER TAX IS:**
**$ 451.00 County**
<u>XX</u> computed on the full value of the interest of property conveyed, or
___ computed on the full value less the value of liens or encumbrances remaining thereon at the time of sale.
___ OR transfer is EXEMPT from tax for the following reason

**FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,** Urban Street Properties, Inc., a
California Corporation

**HEREBY GRANT(S) to** Daniel Davis, an Unmarried Man and Polly Hoskins, an Unmarried Woman as Joint Tenants

All that real property situated in the City of Corona, County of Riverside, State of California, described as:
See legal description attached hereto and made a part hereof as Exhibit A

**Commonly Known As:** 3341 Sterling Drive, Corona, CA 92882

Dated: January 17, 2013

STATE OF CALIFORNIA                    }
COUNTY OF _____           }
On _____ , before me,
_____ , a Notary Public
personally appeared _____

who proved to me on the basis of satisfactory evidence to be the
person(s) whose name(s) is/are subscribed to the within
instrument and acknowledged to me that he/she/they executed
the same in his/her/their authorized capacity(ies), and that by
his/her/their signature(s) on the instrument the person(s), or the
entity upon behalf of which the person(s) acted, executed the
instrument.

I certify under PENALTY OF PERJURY under the laws of the
State of California that the foregoing paragraph is true and
correct.

WITNESS my hand and official seal.

Signature _____

Urban Street Properties, Inc.

By: _____
        Robert Compean, President

(SEAL)

MAIL TAX STATEMENTS AS DIRECTED ABOVE

PRELIMINARY REPORT
YOUR REFERENCE:

Chicago Title Company
ORDER NO.: 00014861-981-JRK

## EXHIBIT A

### LEGAL DESCRIPTION

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE CITY OF CORONA, COUNTY OF RIVERSIDE, STATE OF CALIFORNIA, AND IS DESCRIBED AS FOLLOWS:

LOT 38 OF TRACT NO. 22070, IN THE CITY OF CORONA, COUNTY OF RIVERSIDE, STATE OF CALIFORNIA, AS SHOWN BY MAP ON FILE IN BOOK 183 PAGES 13 TO 16 OF MAPS, RECORDS OF RIVERSIDE COUNTY, CALIFORNIA;

EXCEPTING THEREFROM 1/2 OF THE OIL, GAS AND OTHER HYDROCARBON SUBSTANCES AND MINERALS 500 FEET BELOW THE SURFACE WITHOUT THE RIGHT OF SURFACE RIGHTS OR RIGHT OF ENTRY IN THE SURFACE AS RESERVED IN THE DEED RECORDED OCTOBER 3, 1985 AS INSTRUMENT NOS. 223601 TO 223613 OF OFFICIAL RECORDS OF RIVERSIDE COUNTY, CALIFORNIA;

ALSO EXCEPTING THEREFROM ALL OIL, OIL RIGHTS, MINERALS, MINERAL RIGHTS, NATURAL GAS RIGHTS AND OTHER HYDROCARBONS BY WHATSOEVER NAME KNOWN, GEOTHERMAL STEAM AND ALL PRODUCTS DERIVED FROM ANY OF THE FOREGOING, THAT MAY BE WITHIN OR UNDER THE PROPERTY, TOGETHER WITH THE PERPETUAL RIGHT OF DRILLING, MINING, EXPLORING AND OPERATING THEREFOR AND STORING IN AND REMOVING THE SAME FROM THE PROPERTY OR ANY OTHER LAND, INCLUDING THE RIGHT TO WHIPSTOCK OR DIRECTIONALLY DRILL AND MINE FROM LANDS OTHER THAN THE PROPERTY, OIL OR GAS WELLS, TUNNELS AND SHAFTS INTO, THROUGH OR ACROSS THE SUBSURFACE OF THE PROPERTY, AND TO BOTTOM SUCH WHIPSTOCKED OR DIRECTIONALLY DRILLED WELLS, TUNNELS AND SHAFTS UNDER AND BENEATH OR BEYOND THE EXTERIOR LIMITS THEREOF, AND TO REDRILL, RETUNNEL, EQUIP, MAINTAIN, REPAIR, DEEPEN AND OPERATE ANY SUCH WELLS OR MINES WITHOUT, HOWEVER, THE RIGHT TO DRILL, MINE, STORE, EXPLORE OR OPERATE THROUGH THE SURFACE OR THE UPPER FIVE HUNDRED (500) FEET OF THE SUBSURFACE OF THE PROPERTY.

APN: 102-561-012-0

Description: Riverside,CA Document-Year.DocID 2013.63222 Page: 2 of 3
Order: 001 Comment:

## ACKNOWLEDGMENT

State of California
County of _____ Orange _____ )

On ___JANUARY 17, 2013___ before me, ___Yvonne Flores, Notary Public___
                                              (insert name and title of the officer)

personally appeared ___Robert Campean___
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are
subscribed to the within instrument and acknowledged to me that he/she/they executed the same in
his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the
person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing
paragraph is true and correct.

WITNESS my hand and official seal.

Signature ___Yvonne Flores___   (Seal)

YVONNE FLORES
COMM. #1862339
Notary Public - California
Orange County
My Comm. Expires Aug. 22, 2013

EXHIBIT "6"

FIDELITY NATIONAL TITLE
MC1PC

DOC # 2013-0063223
02/05/2013 04:09 PM Fees: $51.00
Page 1 of 12
Recorded in Official Records
County of Riverside
Larry W. Ward
Assessor, County Clerk & Recorder

Recording Requested By:
ALANA DANIELLE HAMELIN

Return To:
FAIRWAY INDEPENDENT MORTGAGE CORPORATION

6652 PINECREST DRIVE, SUITE 200
PLANO, TX 75024

**This document was electronically submitted
to the County of Riverside for recording**
Receipted by: MGREGSTON

Prepared By:
DENNIS P. SCHWARTZ
SCHWARTZ & ASSOCIATES
1446 HERITAGE DRIVE
MCKINNEY, TEXAS 75069
972-562-1966



[Space Above This Line For Recording Data]

FHA Case No.
048-7463771-703

ALL OR PART OF THE PURCHASE PRICE OF THE PROPERTY IS PAID FOR
WITH THE MONEY LOANED.

PURCHASE MONEY
# DEED OF TRUST

State of California

THIS DEED OF TRUST ("Security Instrument") is made on FEBRUARY 01, 2013
The Trustor is
DANIEL DAVIS, AN UNMARRIED MAN AND   POLLY HOSKINS, AN UNMARRIED WOMAN, AS JOINT
TENANTS

whose address is
3341 STERLING DRIVE, CORONA, CALIFORNIA 92882
("Borrower"). The trustee is
LAUREL A. MEYER

6652 PINECREST DRIVE, SUITE 200, PLANO, TX 75024
("Trustee"). The beneficiary is Mortgage Electronic Registration Systems, Inc. ("MERS"), (solely as nominee for
Lender, as hereinafter defined, and Lender's successors and assigns). MERS is organized and existing under the laws
of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888)
679-MERS.
FAIRWAY INDEPENDENT MORTGAGE CORPORATION D/B/A PARADIGM MORTGAGE GROUP

("Lender") is organized and existing under the laws of  THE STATE OF TEXAS             , and
has an address of  6652 PINECREST DRIVE, SUITE 200, PLANO, TX 75024

048-7463771-703

FHA California Deed of Trust with MERS - 4/96          Page 1 of 8                    Amended 11/07
VMP®-4N(CA) (0711)                      Wolters Kluwer Financial Services              Initials:



Borrower owes Lender the principal sum of
FOUR HUNDRED TWO THOUSAND FIVE HUNDRED SEVENTY THREE & NO/100

Dollars (U.S. $ 402,573.00                    ).
This debt is evidenced by Borrower's note dated the same date as this Security Instrument ("Note"), which
provides for monthly payments, with the full debt, if not paid earlier, due and payable on FEBRUARY 01, 2043.
This Security Instrument secures to Lender: (a) the repayment of the debt evidenced by the Note, with interest, and
all renewals, extensions and modifications of the Note; (b) the payment of all other sums, with interest, advanced
under paragraph 7 to protect the security of this Security Instrument; and (c) the performance of Borrower's
covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower irrevocably grants
and conveys to the Trustee, in trust, with power of sale, the following described property located in
RIVERSIDE                            County, California:
SEE LEGAL DESCRIPTION ATTACHED HERETO AND MADE A PART HEREOF FOR ALL PURPOSES.

Parcel ID Number:
102-561-012-0
which has the address of 3341 STERLING DRIVE                                                    [Street]
CORONA                            [City], California 92882          [Zip Code] ("Property Address");
      TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements,
appurtenances and fixtures now or hereafter a part of the property. All replacements and additions shall also be
covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property."
Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this
Security Instrument; but, if necessary to comply with law or custom, MERS, (as nominee for Lender and Lender's
successors and assigns), has the right: to exercise any or all of those interests, including, but not limited to, the right
to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing or
cancelling this Security Instrument.
      BORROWER COVENANTS that Borrower is lawfully seized of the estate hereby conveyed and has the right to
grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower
warrants and will defend generally the title to the Property against all claims and demands, subject to any
encumbrances of record.
      THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants
with limited variations by jurisdiction to constitute a uniform security instrument covering real property.
      Borrower and Lender covenant and agree as follows:
      UNIFORM COVENANTS.
      1. Payment of Principal, Interest and Late Charge. Borrower shall pay when due the principal of, and
interest on, the debt evidenced by the Note and late charges due under the Note.
      2. Monthly Payment of Taxes, Insurance and Other Charges. Borrower shall include in each monthly
payment, together with the principal and interest as set forth in the Note and any late charges, a sum for (a) taxes and
special assessments levied or to be levied against the Property, (b) leasehold payments or ground rents on the
Property, and (c) premiums for insurance required under paragraph 4. In any year in which the Lender must pay a
mortgage insurance premium to the Secretary of Housing and Urban Development ("Secretary"), or in any year in
which such premium would have been required if Lender still held the Security Instrument, each monthly payment
shall also include either: (i) a sum for the annual mortgage insurance premium to be paid by Lender to the Secretary,
or (ii) a monthly charge instead of a mortgage insurance premium if this Security Instrument is held by the Secretary,
in a reasonable amount to be determined by the Secretary. Except for the monthly charge by the Secretary, these
items are called "Escrow Items" and the sums paid to Lender are called "Escrow Funds."
      Lender may, at any time, collect and hold amounts for Escrow Items in an aggregate amount not to exceed the
maximum amount that may be required for Borrower's escrow account under the Real Estate Settlement Procedures
Act of 1974, 12 U.S.C. Section 2601 et seq. and implementing regulations, 24 CFR Part 3500, as they may be

048-7463771-703

VMP®-4N(CA) (0711)                              Page 2 of 8                          Initials _____

amended from time to time ("RESPA"), except that the cushion or reserve permitted by RESPA for unanticipated disbursements or disbursements before the Borrower's payments are available in the account may not be based on amounts due for the mortgage insurance premium.

If the amounts held by Lender for Escrow Items exceed the amounts permitted to be held by RESPA, Lender shall account to Borrower for the excess funds as required by RESPA. If the amounts of funds held by Lender at any time are not sufficient to pay the Escrow Items when due, Lender may notify the Borrower and require Borrower to make up the shortage as permitted by RESPA.

The Escrow Funds are pledged as additional security for all sums secured by this Security Instrument. If Borrower tenders to Lender the full payment of all such sums, Borrower's account shall be credited with the balance remaining for all installment items (a), (b), and (c) and any mortgage insurance premium installment that Lender has not become obligated to pay to the Secretary, and Lender shall promptly refund any excess funds to Borrower. Immediately prior to a foreclosure sale of the Property or its acquisition by Lender, Borrower's account shall be credited with any balance remaining for all installments for items (a), (b), and (c).

3. Application of Payments. All payments under paragraphs 1 and 2 shall be applied by Lender as follows:

First, to the mortgage insurance premium to be paid by Lender to the Secretary or to the monthly charge by the Secretary instead of the monthly mortgage insurance premium;

Second, to any taxes, special assessments, leasehold payments or ground rents, and fire, flood and other hazard insurance premiums, as required;

Third, to interest due under the Note;

Fourth, to amortization of the principal of the Note; and

Fifth, to late charges due under the Note.

4. Fire, Flood and Other Hazard Insurance. Borrower shall insure all improvements on the Property, whether now in existence or subsequently erected, against any hazards, casualties, and contingencies, including fire, for which Lender requires insurance. This insurance shall be maintained in the amounts and for the periods that Lender requires. Borrower shall also insure all improvements on the Property, whether now in existence or subsequently erected, against loss by floods to the extent required by the Secretary. All insurance shall be carried with companies approved by Lender. The insurance policies and any renewals shall be held by Lender and shall include loss payable clauses in favor of, and in a form acceptable to, Lender.

In the event of loss, Borrower shall give Lender immediate notice by mail. Lender may make proof of loss if not made promptly by Borrower. Each insurance company concerned is hereby authorized and directed to make payment for such loss directly to Lender, instead of to Borrower and to Borrower jointly. All or any part of the insurance proceeds may be applied by Lender, at its option, either (a) to the reduction of the indebtedness under the Note and this Security Instrument, first to any delinquent amounts applied in the order in paragraph 3, and then to prepayment of principal, or (b) to the restoration or repair of the damaged Property. Any application of the proceeds to the principal shall not extend or postpone the due date of the monthly payments which are referred to in paragraph 2, or change the amount of such payments. Any excess insurance proceeds over an amount required to pay all outstanding indebtedness under the Note and this Security Instrument shall be paid to the entity legally entitled thereto.

In the event of foreclosure of this Security Instrument or other transfer of title to the Property that extinguishes the indebtedness, all right, title and interest of Borrower in and to insurance policies in force shall pass to the purchaser.

5. Occupancy, Preservation, Maintenance and Protection of the Property; Borrower's Loan Application; Leaseholds. Borrower shall occupy, establish, and use the Property as Borrower's principal residence within sixty days after the execution of this Security Instrument (or within sixty days of a later sale or transfer of the Property) and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless Lender determines that requirement will cause undue hardship for Borrower, or unless extenuating circumstances exist which are beyond Borrower's control. Borrower shall notify Lender of any extenuating circumstances. Borrower shall not commit waste or destroy, damage or substantially change the Property or allow the Property to deteriorate, reasonable wear and tear excepted. Lender may inspect the Property if the Property is vacant or abandoned or the loan is in default. Lender may take reasonable action to protect and preserve such vacant or abandoned Property. Borrower shall also be in default if Borrower, during the loan application process, gave materially false or inaccurate information or statements to Lender (or failed to provide Lender with any material information) in connection with the loan evidenced by the Note, including, but not limited to, representations concerning Borrower's occupancy of the Property as a principal residence. If this Security Instrument is on a leasehold, Borrower shall comply with the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and fee title shall not be merged unless Lender agrees to the merger in writing.

048-7463771-703

VMP®-4N(CA) (0711)                                    Page 3 of 8                                    Initials: 

**6. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of any part of the Property, or for conveyance in place of condemnation, are hereby assigned and shall be paid to Lender to the extent of the full amount of the indebtedness that remains unpaid under the Note and this Security Instrument. Lender shall apply such proceeds to the reduction of the indebtedness under the Note and this Security Instrument, first to any delinquent amounts applied in the order provided in paragraph 3, and then to prepayment of principal. Any application of the proceeds to the principal shall not extend or postpone the due date of the monthly payments, which are referred to in paragraph 2, or change the amount of such payments. Any excess proceeds over an amount required to pay all outstanding indebtedness under the Note and this Security Instrument shall be paid to the entity legally entitled thereto.

**7. Charges to Borrower and Protection of Lender's Rights in the Property.** Borrower shall pay all governmental or municipal charges, fines and impositions that are not included in paragraph 2. Borrower shall pay these obligations on time directly to the entity which is owed the payment. If failure to pay would adversely affect Lender's interest in the Property, upon Lender's request Borrower shall promptly furnish to Lender receipts evidencing these payments.

If Borrower fails to make these payments or the payments required by paragraph 2, or fails to perform any other covenants and agreements contained in this Security Instrument, or there is a legal proceeding that may significantly affect Lender's rights in the Property (such as a proceeding in bankruptcy, for condemnation or to enforce laws or regulations), then Lender may do and pay whatever is necessary to protect the value of the Property and Lender's rights in the Property, including payment of taxes, hazard insurance and other items mentioned in paragraph 2.

Any amounts disbursed by Lender under this paragraph shall become an additional debt of Borrower and be secured by this Security Instrument. These amounts shall bear interest from the date of disbursement, at the Note rate, and at the option of Lender, shall be immediately due and payable.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender; (b) contests in good faith the lien by, or defends against enforcement of the lien in, legal proceedings which in the Lender's opinion operate to prevent the enforcement of the lien; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which may attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Borrower shall satisfy the lien or take one or more of the actions set forth above within 10 days of the giving of notice.

**8. Fees.** Lender may collect fees and charges authorized by the Secretary.

**9. Grounds for Acceleration of Debt.**

   (a) **Default.** Lender may, except as limited by regulations issued by the Secretary, in the case of payment defaults, require immediate payment in full of all sums secured by this Security Instrument if:

      (i) Borrower defaults by failing to pay in full any monthly payment required by this Security Instrument prior to or on the due date of the next monthly payment, or

      (ii) Borrower defaults by failing, for a period of thirty days, to perform any other obligations contained in this Security Instrument.

   (b) **Sale Without Credit Approval.** Lender shall, if permitted by applicable law (including Section 341(d) of the Garn-St. Germain Depository Institutions Act of 1982, 12 U.S.C. 1701j-3(d)) and with the prior approval of the Secretary, require immediate payment in full of all sums secured by this Security Instrument if:

      (i) All or part of the Property, or a beneficial interest in a trust owning all or part of the Property, is sold or otherwise transferred (other than by devise or descent), and

      (ii) The Property is not occupied by the purchaser or grantee as his or her principal residence, or the purchaser or grantee does so occupy the Property but his or her credit has not been approved in accordance with the requirements of the Secretary.

   (c) **No Waiver.** If circumstances occur that would permit Lender to require immediate payment in full, but Lender does not require such payments, Lender does not waive its rights with respect to subsequent events.

   (d) **Regulations of HUD Secretary.** In many circumstances regulations issued by the Secretary will limit Lender's rights, in the case of payment defaults, to require immediate payment in full and foreclose if not paid. This Security Instrument does not authorize acceleration or foreclosure if not permitted by regulations of the Secretary.

   (e) **Mortgage Not Insured.** Borrower agrees that if this Security Instrument and the Note are not determined to be eligible for insurance under the National Housing Act within 60 days from the date hereof, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument. A

048-7463771-703

Initials 

DOC #2013-0063223  Page 5 of 12 02/05/2013 04:09 PM

written statement of any authorized agent of the Secretary dated subsequent to 60 days from the date hereof, declining to insure this Security Instrument and the Note, shall be deemed conclusive proof of such ineligibility. Notwithstanding the foregoing, this option may not be exercised by Lender when the unavailability of insurance is solely due to Lender's failure to remit a mortgage insurance premium to the Secretary.

**10. Reinstatement.** Borrower has a right to be reinstated if Lender has required immediate payment in full because of Borrower's failure to pay an amount due under the Note or this Security Instrument. This right applies even after foreclosure proceedings are instituted. To reinstate the Security Instrument, Borrower shall tender in a lump sum all amounts required to bring Borrower's account current including, to the extent they are obligations of Borrower under this Security Instrument, foreclosure costs and reasonable and customary attorneys' fees and expenses properly associated with the foreclosure proceeding. Upon reinstatement by Borrower, this Security Instrument and the obligations that it secures shall remain in effect as if Lender had not required immediate payment in full. However, Lender is not required to permit reinstatement if: (i) Lender has accepted reinstatement after the commencement of foreclosure proceedings within two years immediately preceding the commencement of a current foreclosure proceeding, (ii) reinstatement will preclude foreclosure on different grounds in the future, or (iii) reinstatement will adversely affect the priority of the lien created by this Security Instrument.

**11. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time of payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successor in interest. Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

**12. Successors and Assigns Bound; Joint and Several Liability; Co-Signers.** The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower, subject to the provisions of paragraph 9(b). Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this Security Instrument but does not execute the Note: (a) is co-signing this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without that Borrower's consent.

**13. Notices.** Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender. Any notice to Lender shall be given by first class mail to Lender's address stated herein or any address Lender designates by notice to Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.

**14. Governing Law; Severability.** This Security Instrument shall be governed by Federal law and the law of the jurisdiction in which the Property is located. In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision. To this end the provisions of this Security Instrument and the Note are declared to be severable.

**15. Borrower's Copy.** Borrower shall be given one conformed copy of the Note and of this Security Instrument.

**16. Hazardous Substances.** Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property that is in violation of any Environmental Law. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property.

Borrower shall promptly give Lender written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge. If Borrower learns, or is notified by any governmental or regulatory authority, that any removal or other remediation of any Hazardous Substances affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law.

As used in this paragraph 16, "Hazardous Substances" are those substances defined as toxic or hazardous substances by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. As used in this paragraph 16, "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection.

048-7463771-703

VMP®-4N(CA) (0711)                                   Page 5 of 8



*Description:* Riverside,CA Document-Year.DocID 2013.63223 Page: 5 of 12
*Order:* 001 Comment:

DOC #2013-0063223  Page 6 of 12 02/05/2013 04:09 PM

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

17. **Assignment of Rents.** Borrower unconditionally assigns and transfers to Lender all the rents and revenues of the Property. Borrower authorizes Lender or Lender's agents to collect the rents and revenues and hereby directs each tenant of the Property to pay the rents to Lender or Lender's agents. However, prior to Lender's notice to Borrower of Borrower's breach of any covenant or agreement in the Security Instrument, Borrower shall collect and receive all rents and revenues of the Property as trustee for the benefit of Lender and Borrower. This assignment of rents constitutes an absolute assignment and not an assignment for additional security only.

If Lender gives notice of breach to Borrower: (a) all rents received by Borrower shall be held by Borrower as trustee for benefit of Lender only, to be applied to the sums secured by the Security Instrument; (b) Lender shall be entitled to collect and receive all of the rents of the Property; and (c) each tenant of the Property shall pay all rents due and unpaid to Lender or Lender's agent on Lender's written demand to the tenant.

Borrower has not executed any prior assignment of the rents and has not and will not perform any act that would prevent Lender from exercising its rights under this paragraph 17.

Lender shall not be required to enter upon, take control of or maintain the Property before or after giving notice of breach to Borrower. However, Lender or a judicially appointed receiver may do so at any time there is a breach. Any application of rents shall not cure or waive any default or invalidate any other right or remedy of Lender. This assignment of rents of the Property shall terminate when the debt secured by the Security Instrument is paid in full.

18. **Foreclosure Procedure.** If Lender requires immediate payment in full under paragraph 9, Lender may invoke the power of sale and any other remedies permitted by applicable law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this paragraph 18, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the power of sale, Lender shall execute or cause Trustee to execute a written notice of the occurrence of an event of default and of Lender's election to cause the Property to be sold. Trustee shall cause this notice to be recorded in each county in which any part of the Property is located. Lender or Trustee shall mail copies of the notice as prescribed by applicable law to Borrower and to the other persons prescribed by applicable law. Trustee shall give public notice of sale to the persons and in the manner prescribed by applicable law. After the time required by applicable law, Trustee, without demand on Borrower, shall sell the Property at public auction to the highest bidder at the time and place and under the terms designated in the notice of sale in one or more parcels and in any order Trustee determines. Trustee may postpone sale of all or any parcel of the Property by public announcement at the time and place of any previously scheduled sale. Lender or its designee may purchase the Property at any sale.

Trustee shall deliver to the purchaser Trustee's deed conveying the Property without any covenant or warranty, expressed or implied. The recitals in the Trustee's deed shall be prima facie evidence of the truth of the statements made therein. Trustee shall apply the proceeds of the sale in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable Trustee's and attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

If the Lender's interest in this Security Instrument is held by the Secretary and the Secretary requires immediate payment in full under Paragraph 9, the Secretary may invoke the nonjudicial power of sale provided in the Single Family Mortgage Foreclosure Act of 1994 ("Act") (12 U.S.C. 3751 *et seq.*) by requesting a foreclosure commissioner designated under the Act to commence foreclosure and to sell the Property as provided in the Act. Nothing in the preceding sentence shall deprive the Secretary of any rights otherwise available to a Lender under this Paragraph 18 or applicable law.

19. **Reconveyance.** Upon payment of all sums secured by this Security Instrument, Lender shall request Trustee to reconvey the Property and shall surrender this Security Instrument and all notes evidencing debt secured by this Security Instrument to Trustee. Trustee shall reconvey the Property without warranty and without charge to the person or persons legally entitled to it. Such person or persons shall pay any recordation costs.

20. **Substitute Trustee.** Lender, at its option, may from time to time appoint a successor trustee to any Trustee appointed hereunder by an instrument executed and acknowledged by Lender and recorded in the office of the Recorder of the county in which the Property is located. The instrument shall contain the name of the original Lender, Trustee and Borrower, the book and page where this Security Instrument is recorded and the name and address of the successor trustee. Without conveyance of the Property, the successor trustee shall succeed to all the title, powers and duties conferred upon the Trustee herein and by applicable law. This procedure for substitution of trustee shall govern to the exclusion of all other provisions for substitution.

21. **Request for Notices.** Borrower requests that copies of the notices of default and sale be sent to Borrower's address which is the Property Address.

048-7463771-703

VMP®-4N(CA) (0711)                                    Page 6 of 8

Description: Riverside,CA Document-Year.DocID 2013.63223 Page: 6 of 12
Order: 001 Comment:

**22. Beneficiary Statement.** Lender may collect a fee, not to exceed the maximum amount permitted by law for furnishing Beneficiary statement as provided by Section 2943 of the Civil Code of California.

**23. Riders to this Security Instrument.** If one or more riders are executed by Borrower and recorded together with this Security Instrument, the covenants of each such rider shall be incorporated into and shall amend and supplement the covenants and agreements of this Security Instrument as if the rider(s) were a part of this Security Instrument. [Check applicable box(es)].

| ☐ Condominium Rider | ☐ Graduated Payment Rider | ☒ Other [Specify] * |
| ☐ Planned Unit Development Rider | ☐ Growing Equity Rider | |

* LEGAL DESCRIPTION RIDER

The undersigned Borrower requests that a copy of any Notice of Default and any Notice of Sale under this Security Instrument be mailed to the Borrower at the address set forth above. A copy of any Notice of Default and any Notice of Sale will be sent only to the address contained in this recorded request. If the Borrower's address changes, a new request must be recorded.

BY SIGNING BELOW, Borrower accepts and agrees to the terms contained in this Security Instrument and in any rider(s) executed by Borrower and recorded with it.

Witnesses:

_____        _____ (Seal)
                                        DANIEL DAVIS                -Borrower

_____        _____ (Seal)
                                        POLLY HOSKINS               -Borrower

_____ (Seal)         _____ (Seal)
                -Borrower                                           -Borrower

_____ (Seal)         _____ (Seal)
                -Borrower                                           -Borrower

_____ (Seal)         _____ (Seal)
                -Borrower                                           -Borrower

048-7463771-703

VMP®-4N(CA) (0711)                      Page 7 of 8

State of California County of _Orange_ } ss.

On _February 3RD 2013_ before me, _Christine Pietsch, Notary Public_ , personally appeared

DANIEL DAVIS AND POLLY HOSKINS

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument. I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

(This area for official notarial seal)

_____ (Seal)

CHRISTINE PIETSCH
Commission # 1915783
Notary Public - California
Orange County
My Comm. Expires Dec 7, 2014

048-7463771-703

VMP®-4N(CA) (0711)                    Page 8 of 8



PRELIMINARY REPORT
YOUR REFERENCE:

Chicago Title Company
ORDER NO.: 00014861-981-JRK

## EXHIBIT A

## LEGAL DESCRIPTION

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE CITY OF CORONA, COUNTY OF RIVERSIDE, STATE OF CALIFORNIA, AND IS DESCRIBED AS FOLLOWS:

LOT 38 OF TRACT NO. 22070, IN THE CITY OF CORONA, COUNTY OF RIVERSIDE, STATE OF CALIFORNIA, AS SHOWN BY MAP ON FILE IN BOOK 183 PAGES 13 TO 16 OF MAPS, RECORDS OF RIVERSIDE COUNTY, CALIFORNIA;

EXCEPTING THEREFROM 1/2 OF THE OIL, GAS AND OTHER HYDROCARBON SUBSTANCES AND MINERALS 500 FEET BELOW THE SURFACE WITHOUT THE RIGHT OF SURFACE RIGHTS OR RIGHT OF ENTRY IN THE SURFACE AS RESERVED IN THE DEED RECORDED OCTOBER 3, 1985 AS INSTRUMENT NOS. 223601 TO 223613 OF OFFICIAL RECORDS OF RIVERSIDE COUNTY, CALIFORNIA;

ALSO EXCEPTING THEREFROM ALL OIL, OIL RIGHTS, MINERALS, MINERAL RIGHTS, NATURAL GAS RIGHTS AND OTHER HYDROCARBONS BY WHATSOEVER NAME KNOWN, GEOTHERMAL STEAM AND ALL PRODUCTS DERIVED FROM ANY OF THE FOREGOING, THAT MAY BE WITHIN OR UNDER THE PROPERTY, TOGETHER WITH THE PERPETUAL RIGHT OF DRILLING, MINING, EXPLORING AND OPERATING THEREFOR AND STORING IN AND REMOVING THE SAME FROM THE PROPERTY OR ANY OTHER LAND, INCLUDING THE RIGHT TO WHIPSTOCK OR DIRECTIONALLY DRILL AND MINE FROM LANDS OTHER THAN THE PROPERTY, OIL OR GAS WELLS, TUNNELS AND SHAFTS INTO, THROUGH OR ACROSS THE SUBSURFACE OF THE PROPERTY, AND TO BOTTOM SUCH WHIPSTOCKED OR DIRECTIONALLY DRILLED WELLS, TUNNELS AND SHAFTS UNDER AND BENEATH OR BEYOND THE EXTERIOR LIMITS THEREOF, AND TO REDRILL, RETUNNEL, EQUIP, MAINTAIN, REPAIR, DEEPEN AND OPERATE ANY SUCH WELLS OR MINES WITHOUT, HOWEVER, THE RIGHT TO DRILL, MINE, STORE, EXPLORE OR OPERATE THROUGH THE SURFACE OR THE UPPER FIVE HUNDRED (500) FEET OF THE SUBSURFACE OF THE PROPERTY.

APN: 102-561-012-0

## LEGAL DESCRIPTION RIDER

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE CITY OF CORONA, COUNTY OF RIVERSIDE, STATE OF CALIFORNIA, AND IS DESCRIBED AS FOLLOWS:

LOT 38 OF TRACT NO. 22070, IN THE CITY OF CORONA, COUNTY OF RIVERSIDE, STATE OF CALIFORNIA, AS SHOWN BY MAP ON FILE IN BOOK 183 PAGES 13 TO 16 OF MAPS, RECORDS OF RIVERSIDE COUNTY, CALIFORNIA.

EXCEPTING THEREFROM 1/2 OF THE OIL, GAS AND OTHER HYDROCARBON SUBSTANCES AND MINERALS 500 FEET BELOW THE SURFACE WITHOUT THE RIGHT OF SURFACE RIGHTS OR RIGHT OF ENTRY IN THE SURFACE AS RESERVED IN THE DEED RECORDED OCTOBER 3, 1985 AS INSTRUMENT NOS. 223601 TO 223613 OF OFFICIAL RECORDS OF RIVERSIDE COUNTY, CALIFORNIA.

ALSO EXCEPTING THEREFROM ALL OIL, OIL RIGHTS, MINERALS, MINERAL RIGHTS, NATURAL GAS RIGHTS AND OTHER HYDROCARBONS BY WHATSOEVER NAME KNOWN, GEOTHERMAL STEAM AND ALL PRODUCTS DERIVED FROM ANY OF THE FOREGOING, THAT MAY BE WITHIN OR UNDER THE PROPERTY, TOGETHER WITH THE PERPETUAL RIGHT OF DRILLING, MINING, EXPLORING AND OPERATING THEREFORE AND STORING IN AND REMOVING THE SAME FROM THE PROPERTY OR ANY OTHER LAND, INCLUDING THE RIGHT TO WHIPSTOCK OR DIRECTIONALLY DRILL AND MINE FROM LANDS OTHER THAN THE PROPERTY, OIL OR GAS WELLS, TUNNELS AND SHAFTS INTO, THROUGH OR ACROSS THE SUBSURFACE OF THE PROPERTY, AND TO BOTTOM SUCH WHIPSTOCKED OR DIRECTIONALLY DRILLED WELLS, TUNNELS AND SHAFTS UNDER AND BENEATH OR BEYOND THE EXTERIOR LIMITS THEREOF, AND TO REDRILL, RETUNNEL, EQUIP, MAINTAIN, REPAIR, DEEPEN AND OPERATE ANY SUCH WELLS OR MINES WITHOUT, HOWEVER, THE RIGHT TO DRILL, MINE, STORE, EXPLORE OR OPERATE THROUGH THE SURFACE OF THE UPPER FIVE HUNDRED (500) FEET OF THE SUBSURFACE OF THE PROPERTY.

APN: 102-561-012-0

## LEGAL DESCRIPTION RIDER

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE CITY OF CORONA, COUNTY OF RIVERSIDE, STATE OF CALIFORNIA, AND IS DESCRIBED AS FOLLOWS:

LOT 38 OF TRACT NO. 22070, IN THE CITY OF CORONA, COUNTY OF RIVERSIDE, STATE OF CALIFORNIA, AS SHOWN BY MAP ON FILE IN BOOK 183 PAGES 13 TO 16 OF MAPS, RECORDS OF RIVERSIDE COUNTY, CALIFORNIA.

EXCEPTING THEREFROM 1/2 OF THE OIL, GAS AND OTHER HYDROCARBON SUBSTANCES AND MINERALS 500 FEET BELOW THE SURFACE WITHOUT THE RIGHT OF SURFACE RIGHTS OR RIGHT OF ENTRY IN THE SURFACE AS RESERVED IN THE DEED RECORDED OCTOBER 3, 1986 AS INSTRUMENT NOS. 223601 TO 223613 OF OFFICIAL RECORDS OF RIVERSIDE COUNTY, CALIFORNIA.

ALSO EXCEPTING THEREFROM ALL OIL, OIL RIGHTS, MINERALS, MINERAL RIGHTS, NATURAL GAS RIGHTS AND OTHER HYDROCARBONS BY WHATSOEVER NAME KNOWN, GEOTHERMAL STEAM AND ALL PRODUCTS DERIVED FROM ANY OF THE FOREGOING, THAT MAY BE WITHIN OR UNDER THE PROPERTY, TOGETHER WITH THE PERPETUAL RIGHT OF DRILLING, MINING, EXPLORING AND OPERATING THEREFORE AND STORING IN AND REMOVING THE SAME FROM THE PROPERTY OR ANY OTHER LAND, INCLUDING THE RIGHT TO WHIPSTOCK OR DIRECTIONALLY DRILL AND MINE FROM LANDS OTHER THAN THE PROPERTY, OIL OR GAS WELLS, TUNNELS AND SHAFTS INTO, THROUGH OR ACROSS THE SUBSURFACE OF THE PROPERTY, AND TO BOTTOM SUCH WHIPSTOCKED OR DIRECTIONALLY DRILLED WELLS, TUNNELS AND SHAFTS UNDER AND BENEATH OR BEYOND THE EXTERIOR LIMITS THEREOF, AND TO REDRILL, RETUNNEL, EQUIP, MAINTAIN, REPAIR, DEEPEN AND OPERATE ANY SUCH WELLS OR MINES WITHOUT, HOWEVER, THE RIGHT TO DRILL, MINE, STORE, EXPLORE OR OPERATE THROUGH THE SURFACE OF THE UPPER FIVE HUNDRED (500) FEET OF THE SUBSURFACE OF THE PROPERTY.

ABN: 102-561-012-0

LEGAL DESCRIPTION RIDER

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE CITY OF CORONA, COUNTY OF RIVERSIDE, STATE OF CALIFORNIA, AND IS DESCRIBED AS FOLLOWS:

LOT 18 OF TRACT NO. 22070, IN THE CITY OF CORONA, COUNTY OF RIVERSIDE, STATE OF CALIFORNIA, AS SHOWN BY MAP ON FILE IN BOOK 183 PAGES 13 TO 16 OF MAPS, RECORDS OF RIVERSIDE COUNTY, CALIFORNIA.

EXCEPTING THEREFROM 1/2 OF THE OIL, GAS AND OTHER HYDROCARBON SUBSTANCES AND MINERALS 500 FEET BELOW THE SURFACE WITHOUT THE RIGHT OF SURFACE RIGHTS OR RIGHT OF ENTRY IN THE SURFACE AS RESERVED IN THE DEED RECORDED OCTOBER 3, 1985 AS INSTRUMENT NOS. 223601 TO 223613 OF OFFICIAL RECORDS OF RIVERSIDE COUNTY, CALIFORNIA.

ALSO EXCEPTING THEREFROM ALL OIL, OIL RIGHTS, MINERALS, MINERAL RIGHTS, NATURAL GAS RIGHTS AND OTHER HYDROCARBONS BY WHATSOEVER NAME KNOWN, GEOTHERMAL STEAM AND ALL PRODUCTS DERIVED FROM ANY OF THE FOREGOING, THAT MAY BE WITHIN OR UNDER THE PROPERTY, TOGETHER WITH THE PERPETUAL RIGHT OF DRILLING, MINING, EXPLORING AND OPERATING THEREFORE AND STORING IN AND REMOVING THE SAME FROM THE PROPERTY OR ANY OTHER LAND, INCLUDING THE RIGHT TO WHIPSTOCK OR DIRECTIONALLY DRILL AND MINE FROM LANDS OTHER THAN THE PROPERTY, OIL OR GAS WELLS, TUNNELS AND SHAFTS INTO, THROUGH OR ACROSS THE SUBSURFACE OF THE PROPERTY, AND TO BOTTOM SUCH WHIPSTOCKED OR DIRECTIONALLY DRILLED WELLS, TUNNELS AND SHAFTS UNDER AND BENEATH OR BEYOND THE EXTERIOR LIMITS THEREOF, AND TO REDRILL, RETUNNEL, EQUIP, MAINTAIN, REPAIR, DEEPEN AND OPERATE ANY SUCH WELLS OR MINES WITHOUT, HOWEVER, THE RIGHT TO DRILL, MINE, STORE, EXPLORE OR OPERATE THROUGH THE SURFACE OF THE UPPER FIVE HUNDRED (500) FEET OF THE SUBSURFACE OF THE PROPERTY.

APN: 102-561-012-0

048-7463771-703

ILEGEOH (05/03)          WWW.DOCSDIRECT.COM          01/11/2013 03:56 PM          NT.

EXHIBIT "7"